OPINION. OF THE COURT — by
JUDGE NICHOLSON.
The appellant, James Bradley, brought an action of trespass against' the defendants, for taking his cattle. The defendants plead two several pleas: — 1st, not guilty; the 2d, a special plea, setting forth the circumstances that the supposed trespass was for distraining the plaintiff’s cattle for rent due and owing by the said plaintiff to Isaac Sellers,, one of the de-, fendants; to which the plaintiff replied, that the cattle were never levant and couchant on the demised premises; upon which issue was. taken.— The jury found a verdict for the defendents, upon which the judgment of the court was entered, and from which judgment the plaintiff appealed to, this court.
The bill of exceptions, taken in this case, sets forth, that it was proved on the trial that the property in question, for which this action was brought, was never upon the demised or leased premises, and the counsel for the plaintiff requested the court to instruct the jury that, under the statute of this state, a landlord could not distrain, unless the property, at one time, had been on the leased premises, which instruction the court refused to. give; but charged the jury that property, if found in the county, whether upon the leased premises or not, was subject to the distress under the attachment issued in this case.
The only question raised by the bill of exceptions, for the opinion of this court, is, whether the property of a tenant, which has never been upon the leased premises, is liable tobe distrained by the landlord, or lessor,, for rent.
Wm. Yannerson and R. J. Walker for plaintiffs in error,
cited the following authorities: 2Bacon’s Abridgment, pages 341, 345, 347; Landlord and Tenant, pages 311,316, 471; Revised Code, page 170, sections, 7,8,10,12; 3 Saunders, 284; 11 Statutes Geo. II., sections 1,2, 3.
At common law, whatever goods or chattels the landlord found on the leased premises, whether they, in fact, belonged to the tenant or a stranger, were distrainable by him for rent — 3 Blac. Com., 8; and the inference is plainly to be drawn from all the old boobs on the subject, that no property was distrainable, unless it was found on the leased premises — 3 Blac. Com., 11, inconsequence of which, tenants conveyed away their goods fraudulently from the demised premises, in order to cheat their landlords. This practice gave rise to the statute of 8 Anne, which authorized the landlord to distrain the tenant’s property carried off the premises clandestinely, wherever he could find them, within thirty days,after, unless they had been bona fide sold for a valuable consideration. Our statute, revised code, page 170, sections 7 and 8, are, in substance, transcribes from the common law, and the statutes of Anne, and George II., I am, therefore, clearly of opinion that the property of a tenant is not distrainable for rent, unless it has, at some one time, been upon the leased premises; that the court below erred in not giving the instructions to the jury, asked for by the plaintiff’s counsel; that the judgment of the court below must be reversed ; the cause remanded, and a venire de novo awarded.
Judges Child and Black concurred.